# IN THE MATTER OF INQUIRY INTO B.S. AND J.S., Youths in Need of Care.

No. 92-049.
Submitted on Briefs April 2, 1992.
Decided April 15, 1992.
49 St.Rep. 338.
252 Mont. 435.
829 P.2d 939.

For Appellant: **Jerrold L. Nye**, Nye and Meyer, Billings.

For Respondent: **Marc Racicot**, Attorney General; **Kathy Seeley**, Assistant Attorney General, Helena; **Thomas P. Meissner**, Fergus County Attorney, Lewistown.

JUSTICE TRIEWEILER delivered the Opinion of the Court.

This is an appeal from an Order of the Tenth Judicial District Court, Fergus County, granting the Department of Family Services temporary investigative authority and protective services of the appellants' two minor children. We reverse the District Court.

On January 3, 1992, the Fergus County Attorney, on behalf of the Department of Family Services, filed a petition for temporary investigative authority and protective services of B.S. and J.S. Relying on a Department of Family Services report, the District Court granted the petition, finding probable cause to believe the children were, or were in danger of, being abused or neglected. A guardian ad litem was appointed to represent the children, and an order was issued requiring the parents to comply with the terms of the temporary order, or appear before the court on January 21, 1992, to show cause why they had not complied.

A show cause hearing was held on January 21, 1992. On January 24, 1992, the District Court entered an order for immediate protection of the children, giving the Department of Family Services temporary investigative authority and the right to remove the children from the home. The children were removed from the home by the Department of Family Services and placed in foster care. The parents appeal the District Court order.

The issue on appeal is whether there was sufficient admissible evidence to establish probable cause for issuance of the order granting temporary investigative authority to the Department of Family Services.

In the show cause hearing held on January 21, 1992, the State elicited testimony from a social worker assigned to the case, the guardian ad litem, and an alcohol and drug counselor. The social worker and guardian ad litem testified regarding statements from individuals who had expressed concern that the parents had drug and/or alcohol dependencies. They testified that they themselves had not seen the parents drink, nor witnessed any problems with the children which would suggest neglect, abuse, or dependency.

The bulk of testimony elicited from the social worker and the guardian ad litem in this case was hearsay evidence, and should not have been considered by the District Court. Without the hearsay statements, even the State concedes that no evidence was offered showing the children were abused or neglected or in danger of being abused or neglected. In the absence of a showing of probable cause that the children were abused or neglected, or in danger of being

abused or neglected, the proper action by the District Court at the adjudicatory hearing would have been to dismiss the petition and any order for immediate protection should have been vacated. Section 41-3-404(4)(a), MCA.

Accordingly, the District Court's order is reversed. The petition is dismissed without prejudice. The children should be returned to their parents pending further proceedings consistent with this opinion.

CHIEF JUSTICE TURNAGE and JUSTICES HARRISON, GRAY and WEBER concur.